CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 23 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 7:08CR00043 |
| | (Civil Action No. 7:16CV81161) |
| v. | |
| | **MEMORANDUM OPINION** |
| RONDALL CLYDE MIXSON, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Defendant Rondall Clyde Mixson, through counsel, has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. He argues that following the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), is unlawful because he no longer has the requisite number of convictions to support an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). After careful review of the record, and in light of recent precedent from the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit, the court will grant the government's motion to dismiss Mixson's § 2255 motion.

## I.

On October 2, 2008, a federal grand jury indicted Mixson for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Mixson pleaded guilty, pursuant to a written plea agreement. Plea Agree. at 1, ECF No. 28.

The Presentence Investigation Report ("PSR"), prepared in anticipation of sentencing, recommended a total offense level of 30 because Mixson qualified as an armed career criminal under the ACCA, 18 U.S.C. §§ 922(g) and 924(e). PSR ¶¶ 17, 19, ECF No. 92. The PSR listed the following prior felony convictions to support the ACCA enhancement: nine convictions for Virginia statutory burglary, ¶¶ 21, 22 (two counts), 23, 29, 30, 31, 38, and 39; two convictions

for North Carolina breaking and entering ¶ 27 (two counts); and one conviction for conspiracy to distribute methamphetamine, ¶ 28. The PSR recommended a criminal history category of VI, resulting in a guideline imprisonment range of 188 to 235 months. Id. ¶ 49.

The court adopted the PSR recommendation, and sentenced Mixson to a total of 180 months' incarceration, 60 months of which to be served concurrently with any state sentence he was serving, and the remaining 120 months to be served consecutive to state time. Judgment at 2, ECF No. 34. Mixson did not appeal. He filed a previous § 2255 motion, which was denied. ECF No. 41, 67.

On July 26, 2016, Mixson received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. ECF No. 94. Accordingly, on that date he filed, through counsel, a § 2255 petition asserting that his Virginia burglary and North Carolina breaking and entering convictions could no longer serve as predicate offenses under the ACCA.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Moreover, because Mixson has already filed a § 2255 motion, he must show that his successive § 2255 motion involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h)(2). Mixson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## A. The ACCA Enhanced Sentence Structure

Mixson challenges the viability of the Virginia burglary and North Carolina breaking and entering predicate offenses used to support his status as an armed career criminal.[1] Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which includes subsection (i), known as the "force clause," and the first part of subsection (ii), delineating

---

[1] Mixson does not challenge the viability of his prior conviction for conspiracy to distribute methadone.

3

specific crimes, known as the "enumerated crimes clause." Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). Therefore, following Johnson, prior convictions that qualified as "violent felonies" under the residual clause can no longer serve as ACCA predicates. The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

## B. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review. Id. at § 2255(f)(3).

Mixson filed his § 2255 motion on July 26, 2016, more than one year from the date of his final judgment in 2010. Accordingly, his motion is untimely under § 2255(f)(1). Nonetheless, his petition is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in Johnson, 135 S. Ct. 2551, which issued on June 26, 2015.[2] United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (holding that a petition was timely under Johnson when the petitioner established that the sentence received "may have been predicated" on

---

[2] Mixson's § 2255 motion was filed one year and one month after the Johnson decision. However, Mixson filed his motion with the Fourth Circuit requesting authorization to file a second or successive § 2255 motion on June 27, 2016. His motion was filed with the district court after receiving such authorization. Accordingly, the court will construe his petition as being filed within one year of the Johnson decision.

4

Johnson and therefore, "may be an unlawful sentence"). Mixson alleges that his Virginia burglary and North Carolina breaking and entering convictions no longer qualify as predicates following Johnson. That is enough to satisfy the timeliness requirement. Id.

**C. Procedural Default**

Mixson did not challenge the constitutionality of the residual clause of the ACCA on direct review. However, the Fourth Circuit, in Winston, rejected the various procedural default arguments raised by the government and reviewed the merits of the Johnson claim in the petitioner's § 2255 motion. Winston, 850 F.3d at 682 n.4.

Moreover, Mixson had cause for failing to challenge the constitutionality of the ACCA residual clause. See generally, Massaro v. United States, 538 U.S. 500, 504 (2003) (noting that claims not raised on direct appeal may generally not be raised on collateral review). An equitable exception to the procedural default rule applies when a petitioner can demonstrate cause and actual prejudice. Bousley v. United States, 523 U.S. 614, 622 (1998). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999); see also United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). Here, Mixson can establish cause due to the novelty of his claim. See Reed v. Ross, 468 U.S. 1, 17 (1984) (noting that when a claim is based on "a new constitutional rule, representing a clear break with the past," such as that established in Johnson, a petitioner may have been justified in failing to raise the issue on direct review). Accordingly, the court concludes that Mixson's claims are not procedurally barred from review on the merits.

## D. Predicate Offenses and the ACCA

### 1. Virginia Burglary

Mixson is correct that his nine convictions for Virginia statutory burglary, in violation of Virginia Code § 18.2-91,[3] no longer qualify as violent felonies. Although the ACCA lists burglary as one of the enumerated offenses, a defendant's prior conviction can qualify as a "burglary" under the ACCA only if it was a conviction for "generic burglary." In 1990, the Supreme Court concluded that "regardless of technical definitions and labels under state law," Congress "had in mind a modern 'generic' view of burglary" when it enacted the ACCA. Taylor, 495 U.S. at 589, 590. The Court went on to define generic burglary as: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598.

The Virginia burglary statute defines the crime of burglary more broadly than the generic definition. Castendet-Lewis v. Sessions, 855 F.3d 253, 260-61 (4th Cir. 2017). This is because the Virginia burglary statute includes entry into locations other than a building or structure, including "any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if

---

[3] Virginia Code § 18.2-91 provides:

> If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson . . . he shall be guilty of statutory burglary."

Va. Code Ann. § 18.2-91 (2015). Virginia Code § 18.2-90, in turn, provides the elements of statutory burglary and currently reads:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any building permanently affixed to realty, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape, or robbery, he shall be deemed guilty of statutory burglary . . . .

Va. Code Ann. § 18.2-90 (2015). Section 18.2-90 has been amended over the years and Mixson was convicted under slightly differing versions as his Virginia statutory burglary convictions span from 1984 to 2009. However, the amendments were not substantive and do not alter the analysis of the opinion.

6

such automobile, truck or trailer is used as a dwelling or place of human habitation." Va. Code Ann. § 18.2-90; see also Taylor, 495 U.S. at 599 (concluding that a Missouri burglary statute, which similarly criminalized the breaking into places such as boats, vessels and railroad cars, was broader than generic burglary). In addition, the Virginia burglary statute is broader than generic burglary because it allows for a conviction without unlawful entry when a defendant enters "in the nighttime." Va. Code Ann. § 18.2-90; see also Descamps v. United States, 133 S. Ct. 2276, 2282 (2013) (noting that a California burglary statute that does not require unlawful entry, "goes beyond the normal, 'generic' definition of burglary").

The Fourth Circuit has concluded that the Virginia burglary statute, § 18.2-90, is indivisible because it enumerates different factual means of committing the statutory offense of burglary, but does not describe separate crimes. Castendet-Lewis, 855 F.3d at 262; Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). Because the Virginia statutory burglary statute is both broader than generic burglary and indivisible, it does not qualify as a "burglary" under the enumerated crimes clause of the ACCA and cannot be used to support an ACCA enhanced sentence. Nonetheless, Mixson is not entitled to relief because even without his Virginia statutory burglary convictions, he has three qualifying predicate convictions.

2. North Carolina Breaking and Entering

Mixson has two 1989 convictions for breaking and entering, in violation of N.C. Gen. Stat. § 14-54. These convictions continue to qualify as predicate offenses, even following Johnson. Unlike the Virginia burglary statute, North Carolina's breaking and entering statute prohibits the breaking and entering of buildings, a codification of generic burglary. At the time of Mixson's convictions, the North Carolina statute read:

> (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

7

(b) Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a).

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the cartilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

N.C. Gen. Stat. § 14-54 (1969); see also State v. Gamble, 286 S.E.2d 804, 806 (N.C. Ct. App. 1982) (reviewing history of § 14-54). The Fourth Circuit established, before Johnson, that the North Carolina breaking and entering statute, "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary." United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Therefore, the Fourth Circuit concluded that a conviction under § 14-54 "qualifies as an ACCA predicate" and can be used to enhance a defendant's sentence. Id. Following Johnson, the Fourth Circuit has affirmed the Mungro analysis and reiterated that a North Carolina conviction for breaking and entering qualifies as a generic burglary conviction. United States v. Thompson, 615 F. App'x 160, 161 (4th Cir. 2015) (unpublished) (noting that the court had decided that North Carolina breaking and entering qualified as a generic burglary offense in Mungro). Therefore, Johnson and its progeny did not affect the viability of North Carolina breaking and entering convictions for ACCA purposes. United States v. Bolden, 645 F. App'x 282, 283 (4th Cir. 2016) (unpublished) (denying authorization to file a successive § 2255 petition because the defendant's prior conviction for breaking and entering under North Carolina law constituted generic burglary and was unaffected by Johnson).

Accordingly, Mixson's two breaking and entering convictions, in violation of N.C. Gen. Stat. § 14-54, continue to qualify as ACCA predicates. In addition, his conviction for conspiracy to distribute methadone, which he does not contest, was unaffected by Johnson. Thus, Mixson

8

has three qualifying predicate convictions and was properly classified as an armed career criminal.

### III.

For the reasons stated, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 23rd day of June, 2017.

_____
Chief United States District Judge