# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:08CR00043 |
| | ) | (CASE NO. 7:17CV81268) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RONDALL CLYDE MIXSON, | ) | By:  Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Rondall Clyde Mixson, a federal inmate proceeding pro se, has submitted a pleading in this closed criminal case that he titles:  "MOTION TO VACATE VOID JUDGMENT" (ECF No. 108).  After review of the record in this case and Mixson's current submission, the court concludes that his motion must be construed and dismissed as a successive motion under 28 U.S.C. § 2255.

In March 2009, Mixson pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm.  See 18 U.S.C. §§ 922(g)(1) and 924(e).  The presentence investigation report ("PSR") recommended a total offense level of 30 because Mixson qualified for a sentence enhancement under the Armed Career Criminal Act ("ACCA"), § 924(e).  The PSR listed the following prior felony convictions to support the ACCA enhancement:  nine convictions for Virginia statutory burglary; two convictions for North Carolina breaking and entering; and one conviction for conspiracy to distribute methamphetamine.  The PSR recommended a criminal history category of V, resulting in a guideline imprisonment range of 180 to 188 months.  On June 19, 2009, the court adopted the PSR recommendations and sentenced Mixson to 180 months in prison.  Mixson did not appeal.

In January 2012, Mixson filed a § 2255 motion, alleging that the court erred in refusing to permit him to withdraw his guilty plea and that counsel provided ineffective assistance related to the plea and the impact of the presentence report. By opinion and order entered June 21, 2010, the court denied relief under § 2255, and Mixson's appeal was dismissed.

In 2016, Mixson sought and was granted certification from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion under Johnson v. United States, 135 S. Ct. 2551 (2015). He asserted in this motion that following the Johnson decision, his sentence was unlawful because he no longer had the requisite type and/or number of prior convictions to support an ACCA enhancement. The court denied Mixson's § 2255 motion by opinion and order entered June 23, 2017. United States v. Mixson, No. 7:08CR00043/7:16CV81161, 2017 WL 2735600 (W.D. Va. 2017). Specifically, the court held that although Mixson's Virginia burglary convictions no longer qualified as predicates for an ACCA enhancement, the enhancement remained lawful based on Mixson's two prior North Carolina breaking and entering convictions and his prior drug conviction. Id. at *4-5. Mixson's appeal is pending.

On July 30, 2017, the court received Mixson's current motion to vacate and a motion for appointment of counsel. Mixson erroneously states that the court's June 23 opinion and order "vacated" his nine prior Virginia burglary convictions. On that basis, he contends that he should be resentenced without having these prior convictions included in the calculation of his criminal history category. He also contends that his 1989 convictions for North Carolina breaking and entering and his 1989 drug distribution conviction are too old to count toward an ACCA enhancement.

Mixson did not raise these sentencing error claims in his prior § 2255 motions. In other words, he is now contending that, for different reasons than he has previously argued, his ACCA sentence is unlawful. A post-judgment motion that raises such new claims under § 2255 is so substantially similar to a successive habeas petition that it must be construed and disposed of as such, and may not be addressed as a motion to reopen a prior § 2255 proceeding. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-32 (2005).

This court may consider a successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. <u>See</u> 28 U.S.C. § 2255(h). Mixson offers no indication that he has obtained certification from the court of appeals to file a successive § 2255 motion regarding these new sentencing claims. Therefore, the court will summarily dismiss Mixson's current motion to vacate without prejudice as a successive.[1] A separate order will be entered this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 31st day of July, 2017.

                                                  /s/ Glen E. Conrad
                                                  United States District Judge

---

[1] In any event, Mixson's claims in the current motion are without merit. The court did not, and could not in a § 2255 motion, vacate his prior Virginia burglary convictions that were lawfully counted in the calculation of his criminal history category. Moreover, § 924(e) does not limit predicates for an ACCA enhancement to those prior sentences imposed no more than fifteen years before the federal offense. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4B1.4 cmt. n. 1 (U.S. Sentencing Comm'n 2008) (noting that "time periods for the counting of prior sentences under § 4A1.2 [are not] applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)").