IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:08CR00043 |
| | ) (CASE NO. 7:20CV81451) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| RONDALL CLYDE MIXSON, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

Rondall Clyde Mixson, a federal inmate proceeding pro se, has submitted a pleading in this closed criminal case that he titles: "MOTION FOR REVIEW/VACATE," ECF No. 147. After review of the record, the court construed and docketed the submission as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The court now concludes that the § 2255 motion must be dismissed as successive, pursuant to § 2255(h).

In March 2009, Mixson pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1) and 924(e). The presentence investigation report ("PSR") recommended enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his prior convictions. On June 19, 2009, the court adopted the PSR recommendations and sentenced Mixson to 180 months in prison. Mixson did not appeal.

In January 2010, Mixson filed a § 2255 motion, alleging that his guilty plea was invalid because of ineffective assistance. The court denied relief under § 2255, and Mixson's appeal was dismissed. See United States v. Mixson, No. 7:08CR00043, 2010 WL 2520995 (W.D. Va. June 21, 2010). In 2016, Mixson's successive § 2255 motion under Johnson v. United States, 135 S. Ct. 2551 (2015) was certified for consideration. This court denied that motion, finding that although Mixson's Virginia burglary convictions no longer qualified as predicates for an

ACCA enhancement, the enhancement remained lawful, based on his two prior North Carolina breaking and entering convictions and his prior drug conviction. United States v. Mixson, No. 7:08CR00043/7:16CV81161, 2017 WL 2735600, at *4-5 (W.D. Va. 2017). Mixson's appeal was dismissed.

In his current motion, Mixson again contends that his ACCA sentence is unlawful. A post-judgment motion raising new claims under § 2255 is so substantially similar to a successive habeas petition that it must be construed and disposed of as such, and may not be addressed as a motion to reopen a prior § 2255 proceeding. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).

This court may consider a successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2255(h). Mixson offers no indication that he has obtained certification from the court of appeals to file a successive § 2255 motion regarding these claims. Therefore, the court will summarily dismiss Mixson's current motion to vacate without prejudice as a successive motion. A separate order will be entered this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

**ENTER**: This 7th day of August, 2020.

_____
Senior United States District Judge