# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:08-cr-00043 |
| v. ) | |
| ) | |
| RONDALL CLYDE MIXSON, ) | By: Michael F. Urbanski |
|     Defendant/Petitioner. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Rondall Clyde Mixson, a federal inmate proceeding pro se, has moved to vacate the judgment in his criminal case under Federal Rule of Civil Procedure 60(b) on the basis that he was improperly sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] See ECF No. 162. For the following reasons, the court concludes that the Rule 60(b) motion is properly construed as a successive motion to vacate under 28 U.S.C. § 2255. Because Mixson has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the motion without prejudice.

## Background

In March 2009, Mixson pleaded guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He was subsequently sentenced to a mandatory minimum term of imprisonment of 180 months under the ACCA, with 60 months to run concurrently with his undischarged state sentences.

---

[1] Mixson's criminal case was previously assigned to Senior United States District Judge Glen E. Conrad. The case was transferred to the undersigned on November 4, 2021.

In January 2010, Mixson filed a § 2255 motion, alleging that the court erred in refusing to allow him to withdraw his guilty plea and that his attorney provided ineffective assistance. The motion was denied on June 21, 2010, and a subsequent appeal was dismissed by the Fourth Circuit. See United States v. Mixson, No. 7:08-cr-00043, 2010 U.S. Dist. LEXIS 61952, (W.D. Va. June 21, 2010), appeal dismissed, 397 F. App'x 868 (4th Cir. 2010).

On July 26, 2016, Mixson received authorization from the Fourth Circuit to file a second or successive § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which struck down the ACCA's residual clause as unconstitutionally vague. Accordingly, Mixson, through counsel, filed a § 2255 motion asserting that he no longer had the requisite number of predicate convictions to support an enhanced sentence under the ACCA. On June 23, 2017, the court denied the motion, finding that although Mixson's Virginia burglary convictions no longer qualified as predicate offenses under the ACCA, the enhanced sentence remained lawful based on "Mixson's two breaking and entering convictions [under North Carolina law]" and "his conviction for conspiracy to distribute methadone, which he [did] not contest." United States v. Mixson, No. 7:08-cr-00043, 2017 U.S. Dist. LEXIS 97749, at *12 (W.D. Va. June 23, 2017). On December 4, 2017, the Fourth Circuit denied a certificate of appealability and dismissed Mixson's appeal. United States v. Mixson, 705 F. App'x 182, 183 (4th Cir. 2017).

Mixson has since filed at least one other motion challenging the validity of his sentence under the ACCA. On August 7, 2020, the court construed a motion filed in his criminal case as a § 2255 motion and dismissed the motion without prejudice as successive. United States v. Mixson, No. 7:08-cr-00043, 2020 U.S. Dist. LEXIS 141601 (W.D. Va. Aug. 7, 2020).

In his current motion, Mixson again argues that he was improperly sentenced under the ACCA. In particular, Mixson contends that his presentence report incorrectly indicated that he was previously convicted of conspiracy to distribute methadone in the Circuit Court of Botetourt County. See Mot. to Vacate, ECF No. 162, at 1–2. Mixson argues that "newly discovered evidence" indicates that the prior drug offense actually involved flurazepam hydrochloride.[2] Id.

## Discussion

A district court does not have jurisdiction to review a second or successive § 2255 motion unless the petitioner obtains prefiling authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). When a petitioner files a motion under Rule 60(b), the court must determine whether the motion should be construed as a successive § 2255 motion. See Winestock, 340 F.3d at 205 (noting that "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application"). A Rule 60(b) motion is properly construed as a successive § 2255 motion if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "A Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings,' however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez, 545 U.S. at 532); see also Winestock, 340 F.3d at 207 (explaining that "a

---

[2] The "newly discovered evidence" appears to be a judgment from a different criminal case in which Mixson was charged with stealing controlled prescription drugs, including flurazepam hydrochloride, from a pharmacy. See Ex. E to Mot. to Vacate, ECF No. 162-2, at 5.

3

motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider").

Applying these principles, the court concludes that Mixson's Rule 60(b) motion is properly construed as a successive motion under § 2255. The motion advances a new argument in support of his contention that he was improperly sentenced as an armed career criminal. See Winestock, 340 F.3d at 207 ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). Because it raises a new ground for relief, the motion, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 532.

This court may not consider a successive § 2255 motion without prior certification from the Fourth Circuit that the motion meets certain criteria. See 28 U.S.C. § 2255(h). Mixson has not submitted any evidence of having obtained the requisite certification from the Fourth Circuit. Therefore, the court will summarily dismiss Mixson's motion without prejudice.

## Conclusion

For the reasons stated, the court concludes that Mixson's motion to vacate under Rule 60(b) is properly construed as a successive § 2255 motion. Because the record contains no indication that Mixson has obtained the required certification from the Fourth Circuit, the motion will be dismissed without prejudice. An appropriate order will be entered.

5

Entered: May 3, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.03 11:46:05 -04'00'

Michael F. Urbanski
Chief United States District Judge