IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:08-cr-00043 |
| v. ) | |
| ) | |
| RONDALL CLYDE MIXSON, ) | By: Michael F. Urbanski |
| Defendant/Petitioner. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Rondall Clyde Mixson, a federal inmate proceeding pro se, has filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(3), in which he challenges the validity of his conviction and sentence. See ECF No. 170. For the following reasons, the court concludes that the motion is properly construed as a successive motion to vacate under 28 U.S.C. § 2255. Because Mixson has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the motion without prejudice.

### Background

In March 2009, Mixson pleaded guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He was subsequently sentenced to a mandatory minimum term of imprisonment of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with 60 months to run concurrently with his undischarged state sentences.

In January 2010, Mixson filed a § 2255 motion, alleging that the court erred in refusing to allow him to withdraw his guilty plea and that his attorney provided ineffective assistance. The motion was denied on June 21, 2010, and a subsequent appeal was dismissed by the

Fourth Circuit. See United States v. Mixson, No. 7:08-cr-00043, 2010 U.S. Dist. LEXIS 61952, (W.D. Va. June 21, 2010), appeal dismissed, 397 F. App'x 868 (4th Cir. 2010).

On July 26, 2016, Mixson received authorization from the Fourth Circuit to file a second or successive § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which struck down the ACCA's residual clause as unconstitutionally vague. Accordingly, Mixson, through counsel, filed a § 2255 motion asserting that he no longer had the requisite number of predicate convictions to support an enhanced sentence under the ACCA. On June 23, 2017, the court denied the motion, finding that although Mixson's Virginia burglary convictions no longer qualified as predicate offenses under the ACCA, the enhanced sentence remained lawful based on "Mixson's two breaking and entering convictions [under North Carolina law]" and "his conviction for conspiracy to distribute methadone, which he [did] not contest." United States v. Mixson, No. 7:08-cr-00043, 2017 U.S. Dist. LEXIS 97749, at *12 (W.D. Va. June 23, 2017). On December 4, 2017, the Fourth Circuit denied a certificate of appealability and dismissed Mixson's appeal. United States v. Mixson, 705 F. App'x 182, 183 (4th Cir. 2017).

Mixson has since filed at least two other motions challenging the validity of his sentence under the ACCA. Most recently, on April 22, 2022, Mixson moved to vacate the judgment under Rule 60(b)(1) and (2) based on "newly discovered evidence" that purportedly revealed an "inadvertent mistake" at sentencing. ECF No. 162 at 1–2. On May 4, 2022, the court construed the motion as a § 2255 motion and dismissed the motion without prejudice as successive. United States v. Mixson, No. 7:08-cr-00043, 2022 U.S. Dist. LEXIS 81377 (W.D. Va. May 3, 2022).

In his current motion, Mixson argues that the judgment in his criminal case "should be set aside based on fraud" pursuant to Rule 60(b)(3). ECF No. 170 at 1. In particular, Mixson contends that his attorney "forced [him] to plead guilty to a fraudulent charge" and that the United States Probation Office, his attorney, and the United States Attorney "conspired to use bogus information and lies to convict [him] under the ACCA." Id. at 1–2.

## Discussion

A district court does not have jurisdiction to review a second or successive § 2255 motion unless the petitioner obtains prefiling authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). When a petitioner files a motion under Rule 60(b), the court must determine whether the motion should be construed as a successive § 2255 motion. See Winestock, 340 F.3d at 205 (noting that "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application"). A Rule 60(b) motion is properly construed as a successive § 2255 motion if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "A Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings,' however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez, 545 U.S. at 532); see also Winestock, 340 F.3d at 207 (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider").

Applying these principles, the court concludes that Mixson's current motion is properly construed as a successive motion under § 2255. Although the motion is styled as a motion for reconsideration under Rule 60(b)(3), the motion does not challenge "some defect in the integrity of the federal habeas proceedings," such as "[f]raud on the federal habeas court." Gonzalez, 545 U.S. at 532 & n.5. Instead, the motion advances a new argument in support of his contention that he was improperly sentenced as an armed career criminal—namely, that his conviction and sentence were procured through fraud. See Winestock, 340 F.3d at 207 ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). Because the motion alleges "fraud on the court in his criminal proceedings," the motion is appropriately construed as a successive § 2255 motion. United States v. West, No. 21-7268, 2022 U.S. App. LEXIS 7195 (4th Cir. Mar. 18, 2022) (holding that a similar motion should have been construed as a successive § 2255 motion and dismissed for lack of jurisdiction) (citing Gonzalez, 545 U.S. at 531–32; Winestock, 340 F.3d at 206); see also Peterson v. United States, 859 F. App'x 370, 372 (11th Cir. 2021) (holding that a motion alleging that a criminal judgment was "procured by fraud on the court" was properly construed as a § 2255 motion rather than a motion under Rule 60(b)).

This court may not consider a successive § 2255 motion without prior certification from the Fourth Circuit that the motion meets certain criteria. See 28 U.S.C. § 2255(h). Mixson has not submitted any evidence of having obtained the requisite certification from the Fourth Circuit. Therefore, the court will summarily dismiss Mixson's motion without prejudice.

## Conclusion

For the reasons stated, the court concludes that Mixson's motion under Rule 60(b)(3) is properly construed as a successive § 2255 motion. Because the record contains no indication that Mixson has obtained the required certification from the Fourth Circuit, the motion will be dismissed without prejudice. An appropriate order will be entered.

Entered: June 21, 2022

Michael F. Urbanski
Chief United States District Judge