# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Case No. 7:08-cr-00043 |
| ) | Related Case No. 7:22-cv-81508 |
| v. ) | |
| ) | |
| **RONDALL CLYDE MIXSON,** ) | By: Michael F. Urbanski |
| Defendant/Petitioner. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Rondall Clyde Mixson, a federal inmate proceeding pro se, has filed a successive motion to vacate under 28 U.S.C. § 2255. Because Mixson has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the motion without prejudice for lack of jurisdiction.

## Background

In March 2009, Mixson pleaded guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He was subsequently sentenced to a mandatory minimum term of imprisonment of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with 60 months to run concurrently with his undischarged state sentences.

In January 2010, Mixson filed a § 2255 motion, alleging that the court erred in refusing to allow him to withdraw his guilty plea and that his attorney provided ineffective assistance. The motion was denied on June 21, 2010, and a subsequent appeal was dismissed by the Fourth Circuit. See United States v. Mixson, No. 7:08-cr-00043, 2010 U.S. Dist. LEXIS 61952, (W.D. Va. June 21, 2010), appeal dismissed, 397 F. App'x 868 (4th Cir. 2010).

On July 26, 2016, Mixson received authorization from the Fourth Circuit to file a second or successive § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which struck down the ACCA's residual clause as unconstitutionally vague. Accordingly, Mixson, through counsel, filed a § 2255 motion asserting that he no longer had the requisite number of predicate convictions to support an enhanced sentence under the ACCA. On June 23, 2017, the court denied the motion, finding that although Mixson's Virginia burglary convictions no longer qualified as predicate offenses under the ACCA, the enhanced sentence remained lawful based on "Mixson's two breaking and entering convictions [under North Carolina law]" and "his conviction for conspiracy to distribute methadone, which he [did] not contest." United States v. Mixson, No. 7:08-cr-00043, 2017 U.S. Dist. LEXIS 97749, at *12 (W.D. Va. June 23, 2017). On December 4, 2017, the Fourth Circuit denied a certificate of appealability and dismissed Mixson's appeal. United States v. Mixson, 705 F. App'x 182, 183 (4th Cir. 2017).

Mixson has since filed at least three other motions challenging the validity of his sentence under the ACCA. Most recently, on June 16, 2022, Mixson moved to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The court construed the motion as a § 2255 motion and dismissed the motion without prejudice as successive. United States v. Mixson, No. 7:08-cr-00043, 2022 U.S. Dist. LEXIS 110942 (W.D. Va. June 22, 2022).

On October 3, 2022, Mixon filed the instant motion under § 2255. ECF No. 170. Mixson argues that he is "'actually innocent' of being an armed career criminal" and that his "180-month minimum under [§] 924(e) cannot stand." Id. at 3.

## Discussion

A petitioner may file a second or successive § 2255 motion in the district court only if he is authorized to do so by the appropriate court of appeals. Young v. Antonelli, 982 F.3d 914, 917 (4th Cir. 2020) (citing 28 U.S.C. § 2255(h)). "And obtaining that authorization requires a prima facie showing of 'newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Id. (quoting 28 U.S.C. § 2255(h)). In the absence of prefiling authorization, the district court lacks jurisdiction to consider a successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 205–06 (2003); 28 U.S.C. § 2244(b)(3).

As indicated above, Mixson has previously filed § 2255 motions challenging his conviction or sentence. There is no indication that he has obtained the requisite prefiling authorization from the Fourth Circuit. Therefore, the court lacks jurisdiction to consider the pending motion.

## Conclusion

For the reasons stated, Mixson's motion to vacate under § 2255 is **DISMISSED** without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: October 19, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.10.19 17:18:18 -04'00'

Michael F. Urbanski
Chief United States District Judge