IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | Case No. 7:08-cr-43 |
| v.   ) | |
| ) | Hon. Robert S. Ballou |
| RONDALL CLYDE MIXSON.   ) | United States District Judge |

## OPINION

Rondall Clyde Mixson seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asserting that he no longer qualifies for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and thus, his sentence is now significantly longer than it would be if the Court sentenced him today. Mixson also seeks compassionate release because his age and chronic health conditions place him at high risk of complications from COVID-19. Dkt. 154. Mixson originally filed his compassionate release motion *pro se*, and the Court appointed the Federal Public Defender ("FPD") to investigate his claim. FPD filed a supplemental motion for compassionate release on Mixson's behalf, asserting that he is entitled to a sentence reduction based on a change to sentencing under the ACCA.[1] Dkt. 171. The Government opposes Mixson's request for relief on both medical and sentencing grounds, and argues that the 18 U.S.C. § 3553(a) factors do not support a reduction in his sentence. Dkt. 186. Mixson's motions for compassionate release are **DENIED** for the reasons set forth below.

---

[1] Mixson filed a Motion to Appoint Counsel, requesting representation on the "unconstitutional ruling" by "the Supreme Court on November 1, 2023," relating to the statutes under which he was charged. The Court previously appointed the FPD to investigate Mixson's compassionate release claim. Accordingly, Mixson's motion to appoint counsel (Dkt. 199) is denied as moot.

I.      **Background**

In 2009, Mixson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 34. Under the armed career criminal act ("ACCA"), 18 U.S.C. § 924(e), a person who violates 18 U.S.C. § 922(g) and who has three or more convictions "for a violent felony or a serious drug offense, or both, committed on different occasions from one another" is subject to a mandatory sentence of fifteen years. A "serious drug offense" includes:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. 924(e)(2)(A)(ii).

Mixson was determined to be an armed career criminal under the ACCA based on his prior convictions; including nine Virginia burglaries, two North Carolina breaking and entering convictions, and one Virginia conviction for conspiracy to distribute methadone. Dkt. 131. Mixson attempted to withdraw his guilty plea prior to sentencing, but his motion was denied. Dkt. 31, 37. The court sentenced Mixson to 180 months imprisonment, at the low end of the applicable guideline range. Dkt. 34, 35.

In the wake of *Johnson v. United States*, 576 U.S. 591 (2015), Mixson filed a petition challenging his ACCA sentence under 28 U.S.C. § 2255. Dkt. 95. Mixson argued that his Virginia burglary convictions and North Carolina breaking and entering convictions did not qualify as ACCA predicate convictions in light of *Johnson*, and he should be resentenced. The Court denied Mixson's motion, finding that while Mixson's Virginia burglaries convictions were no longer valid ACCA predicates, his North Carolina breaking and entering convictions remained "violent felonies" that qualify as ACCA predicates. Dkt. 103. Thus, Mixson remained classified as an armed career criminal under the ACCA due to his two North Carolina breaking

and entering convictions and his Virginia conviction for conspiracy to distribute methadone. Mixson continued to seek a sentence reduction from the court through the First Step Act as well as successive § 2255 motions, all which were denied. Dkt. 108, 113, 130, 148, 164, 173, 182.

Mixson now requests a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), alleging that his Virginia conviction for conspiracy to distribute methadone no longer qualifies as a "serious drug offense" under the ACCA because Virginia conspiracy does not require an overt act. Mixson also seeks compassionate release on medical grounds because his medical conditions of chronic obstructive pulmonary disease ("COPD"), asthma, and obesity put him at risk for complications from COVID-19.[2]

## II.     Compassionate Release

Compassionate release is an exception to the general rule that a district court may not modify a term of imprisonment once it has been imposed. *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022). Under the 2018 First Step Act, petitioners may file motions for compassionate release themselves, after exhausting administrative remedies. *United States v. McCoy*, 981 F.3d 271, 276, 283 (4th Cir. 2020). 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's term of imprisonment if two conditions are met: 1) "extraordinary and compelling reasons" warrant a sentence reduction; and 2) the Section 3553(a) factors merit a reduction. The defendant bears the burden to show entitlement to a sentence reduction. *United States v. Edwards*, 451 F.Supp.3d 562, 565 (W.D. Va. 2020).

---

[2] Mixson filed two motions *pro se* to amend/clarify his supplemental motion to reduce sentence (Dkt. 175, 184), in which he asserts that his underlying Virginia drug conspiracy conviction was for larceny of Flurazepam Hydrochloride, which is not a controlled substance under Federal law, instead of methadone, which is a controlled substance. The supporting documentation provided by Mixson for the Virginia larceny charge of Flurazepam Hydrochloride capsules reflects a different case number than the Virginia conspiracy to distribute methadone conviction that the court relied upon as a predicate for Mixson's ACCA sentencing determination. The court also notes that these arguments are an attack on Mixson's underlying sentence, which must be raised in a Section 2255 motion, not in a compassionate release motion. *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022).

A criminal defendant must exhaust his administrative remedies before applying for compassionate release on his own behalf. 18 U.S.C. § 3582(c)(1)(A). Specifically, defendants "may file motions for sentence modifications on their own behalf, so long as they first apply to the BOP." *McCoy*, 981 F.3d at 276. A defendant is not required to raise every proposed ground for compassionate release with the BOP—all that he must do to meet this threshold requirement is ask the BOP to pursue compassionate release on his behalf. *Ferguson*, 55 F.4th at 268 ("In short, the defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release.") (emphasis in original). If the BOP declines or does not respond within 30 days of the request, the defendant may file a motion for compassionate release in the proper district court.

This prerequisite is a non-jurisdictional claim-processing rule, which "may be waived or forfeited." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Here, Mixson, through counsel, requested compassionate release from the Warden of his institution on June 15, 2020. Dkt. 171. The Government does not contest that Mixson exhausted his remedies. Accordingly, I find that the exhaustion requirement is fulfilled and the Court may consider the merit of Mixson's motion.

### A. Medical Circumstances

A defendant may show an extraordinary and compelling reason for a sentence reduction based on medical circumstances when he can demonstrate, as relevant here, that he is "housed at a correctional facility affected or at imminent risk of being affected" by an ongoing outbreak of infectious disease or an ongoing public health emergency; or "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing

public health emergency." USSG § 1B1.13(b)(1)(D). Mixson argues that his age of 62, and his medical conditions of chronic obstructive pulmonary disease ("COPD"), asthma, and obesity put him at risk for complications from COVID-19. Dkt. 154.

"The COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not alone provide a basis for a sentence reduction." *United States v. Walker*, No. 3:20cr107, 2022 WL 1462270, at *3 (W.D.N.C. May 9, 2022). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Smith*, No. 21-6912, 2021 WL 5579187, at *1 (4th Cir. Nov. 30, 2021) (citing *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). "[A] general fear of contracting COVID-19, without a sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release." *United States v. Chandler*, No. 3:15mj122, 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Mixson argues that the risks posed to him by COVID-19 because of his comorbidities constitute extraordinary and compelling circumstances warranting a sentence reduction. Dkt. 154. Mixon's medical records reflect that he has been diagnosed with COPD, asthma and obesity. According to the Centers for Disease Control and Prevention ("CDC"), the underlying medical conditions of COPD, asthma and obesity can place individuals at higher risk for severe illness if they contract COVID- 19. *Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html [https://perma.cc/29VW-M7VU]. However, Mixson received

multiple COVID-19 vaccines, which drastically reduce the risks posed by COVID-19. "[F]ollowing full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced so that an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Further, the BOP reports that the Federal Correctional Institution at Edgefield, South Carolina has no open cases of COVID-19 and over fifty percent of the inmate population has been fully inoculated. *See Covid-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp [https://perma.cc/CZ9V-P74U]. Because Mixson is now fully vaccinated, this Court finds that any increased risks posed by COVID-19 due to his underlying medical conditions do not constitute extraordinary and compelling circumstances. *See United States v. Murphy,* 550 F. Supp. 3d 322, 325–26 (W.D. Va. 2021).

### B. Challenge to Underlying Conviction and Sentence

The Sentencing Guidelines provide that an unusually long sentence may constitute an extraordinary and compelling reason for release when (1) the defendant has already served at least 10 years in prison,[3] (2) a change in the law (other than a non-retroactive Sentencing Guidelines amendment) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," and (3) the Court has given "full consideration [to] the defendant's individualized circumstances." USSG § 1B1.13(b)(6).

Here, Mixson argues that his Virginia conspiracy to distribute methadone conviction is no longer a predicate for the ACCA, and if he were sentenced today he would not be sentenced as an armed career criminal. The Government disputes this assertion, noting that no binding or

---

[3] The docket reflects, and neither side disputes, that Mixson has served more than 10 years in prison. Dkt. 34.

persuasive case law supports Mixson's legal theory, and that he would continue to qualify as an armed career criminal if sentenced today. The Government asserts that Mixson's motion is essentially a challenge to his underlying sentence, which is not the proper basis for a compassionate release motion under *United States v. Ferguson*, 55 F. 4th 262 (4th Cir. 2022).

In *Ferguson*, the Fourth Circuit held that a petitioner cannot use a compassionate release motion as a vehicle to attack the validity of a federal conviction or sentence; rather, Section 2255 "is the exclusive method of collaterally attacking a federal conviction or sentence." *Id.* at 270. The *Ferguson* court noted that a compassionate release motion may still be used to challenge the length of a sentence where a change in the sentencing law that occurred after sentencing (but did not apply retroactively) merited a reduction in the current sentence to conform to that change. *Id.* at 271. Thus, it is generally recognized in the Fourth Circuit that a motion for compassionate release based on post-sentence changes in law which create a gross disparity between the original sentence and the sentence the defendant would receive today is not barred by *Ferguson*. *See e.g., United States v. Jackson*, No. 7:16CR00033-002, 2023 WL 3480900, at *2 (W.D. Va. May 16, 2023); *United States v. Brice*, No. SAG-07-0261, 2023 WL 2035959, at *2 (D. Md. Feb. 16, 2023); *United States v. Hernandez*, No. 5:15-cr-00033, 2022 WL 17905070, at *3 n.1 (S.D.W.V. Dec. 22, 2022).

Here, Mixson does not identify any change in the law after his sentencing to support his position that the Virginia conspiracy to distribute methadone charge is no longer a proper ACCA predicate offense. While Mixson asserts that the conspiracy to distribute methadone conviction *should* no longer qualify as a predicate felony for the ACCA enhancement, he provides no legal basis to support this claim. *See* Dkt. 171 p.4. Indeed, Mixson acknowledges that "it does not appear that the Fourth Circuit has decided this issue— be it considering whether a Virginia drug

7

conspiracy conviction or any other State drug conspiracy qualifies as a 'serious drug offense.'" Dkt. 171, p. 8.

The only identifiable "change" in the law impacting Mixson's status under the ACCA after his original sentence was the 2015 *Johnson* decision. Mixson was given leave to file a successive 2255 motion after *Johnson*, the court analyzed his predicate offenses and found that two of his prior convictions were no longer proper ACCA predicates, but determined that he still had three remaining predicate offenses and continued to qualify as an armed career criminal. At that time, Mixson did not contest that his methadone conviction was not a "serious drug offense" under the ACCA.

Mixson now cites *United States v. Brandon*, 247 F.3d 186 (4th Cir. 2001) as support for his argument regarding how the court should interpret the word "involving" as used in the definition of a "serious drug offense." Dkt. 171, pp. 8–9. The *Brandon* case was decided years before Mixson's original sentence; thus, it cannot be considered a change in the law after his sentencing. Mixson also directs the court to *United States v. Webb*, 166 F. Supp. 3d 1198 (W.D. Wash. 2016), which held that a Washington state drug conspiracy conviction was not an appropriate ACCA predicate offense because it could be based on an agreement between the defendant and a government agent. Mixson also notes other decisions outside of the Fourth Circuit coming to the opposite conclusion of *Webb*. Dkt. 171, p. 10. Even assuming that the *Webb* decision is relevant and persuasive, it was decided before this court's reconsideration of Mixson's sentence post-*Johnson* in 2017 and cannot be considered a change in the law after his sentencing. Mixson cites no new binding or persuasive case law reflecting that his Virginia drug conviction is no longer an ACCA predicate offense.

Mixson does not allege a change in the law that would impact his status as an armed career criminal after *Johnson* or the court's opinion denying his successive 2255 motion in 2017. Dkt. 103. Rather, Mixson's compassionate release motion essentially argues that the court's prior sentencing decisions were wrongly decided. The compassionate release statute is not the appropriate mechanism to challenge a sentencing error; accordingly, Mixson's motion is barred by *Ferguson*. *Id.*, 55 F. 4th at 270.

### III.    Conclusion

For the reasons stated, I am unable to find that Mixson has an "extraordinary and compelling" reason that would entitle him to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[4] His motions for compassionate release are **DENIED**. Dkt. 154, 171, 175, 184, 199.  An order will follow.

Entered:  April 10, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[4] Because I find that Mixson has not shown an "extraordinary and compelling" reason for granting his motion for compassionate release, I will not address the 18 U.S.C. § 3553(a) factors. *See United States v. Malone*, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")